**FILED**

**February 27, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 9:36 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Johnny Louis Reece,<br>    Employee,<br>v.<br><br>Jeffrey Darrell Moffitt, d/b/a Moffitt Logging,<br>    Employer. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2015-01-0318<br><br>State File No.: 77786-2015<br><br>Judge Thomas Wyatt |

---

### COMPENSATION HEARING ORDER
### DISMISSING CLAIM UPON SUMMARY JUDGMENT

---

This matter came before the Court on February 26, 2018, for a hearing on a Motion to Dismiss filed by Jeffrey Darrell Moffitt, d/b/a Moffitt Logging ("Moffitt").[1] The issue before the Court is whether Moffitt's discharge in bankruptcy entitles it to summary judgment dismissing Mr. Reece's claim. For the reasons set forth below, the Court holds Moffitt is entitled to summary judgment. Thus, Mr. Reese's claim is dismissed.

### History of the Claim

Mr. Reese sustained serious injuries on October 28, 2014, when a falling tree struck him in the course and scope of his work duties for Moffitt. This claim arises from serious injuries Mr. Reese suffered on October 28, 2014, when struck by a falling tree while performing duties in the course and scope of his employment by Moffitt. The Court previously awarded Mr. Reese temporary disability and medical benefits following an in-person Expedited Hearing in which Moffitt did not participate. Moffitt later obtained representation by counsel, who filed a motion seeking summary judgment on the ground that Moffitt is an agricultural employer exempt by state law from workers' compensation coverage. The Court denied the motion.

---

[1] The Court treated the Motion to Dismiss as a Motion for Summary Judgment because of Moffitt's reliance on a non-procedural filing—an Order of Discharge issued by the United States Bankruptcy Court for the Eastern District of Tennessee—in support of its motion.

1

On June 9, 2017, Moffitt filed for bankruptcy protection listing Mr. Reece as a creditor. Upon Moffitt's presentment of a copy of its Petition for Chapter 7 Bankruptcy, the Court stayed proceedings under 11 United States Code section 362(a) (2016).

Moffitt sought dismissal of Mr. Reece's claim following the conclusion of the bankruptcy proceeding. In support, Moffitt presented a copy of a December 14, 2017 Order of Discharge entered by the Bankruptcy Court for the Eastern District of Tennessee. After this Court entered an order that it considered Moffitt's motion one for summary judgment, Moffitt complied with the order by filing an affidavit and Statement of Undisputed Facts in support of dismissal. Mr. Reece did not respond to nor controvert the assertion in Moffitt's Statement of Undisputed Facts that it listed him as a creditor in its bankruptcy petition for any workers' compensation obligations that might have arisen due to Mr. Reece's October 28, 2014 injury. Further, Mr. Reece did not respond to nor controvert the assertion in the Statement of Undisputed Facts that the Bankruptcy Court's order discharged Moffitt's liability for any workers' compensation benefits it might otherwise owe him.[2]

## Findings of Fact and Conclusions of Law

In addressing Moffitt's summary judgment motion, the Court follows the legal standard set forth in *Payne v. D & D Elec.*, No. E2016-01177-SC-R3-WC, 2017 Tenn. LEXIS 215, at *7-8 (Tenn. Workers' Comp. Panel Apr. 18, 2017)(internal citations omitted), which held:

> A party who moves for summary judgment, but who does not bear the burden of proof at trial, may satisfy its burden of production under Rule 56 either by "affirmatively negating an essential element of the nonmoving party's claim" or by showing "that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense."

Here, Moffitt contends that its discharge in bankruptcy against any workers' compensation obligation it may owe Mr. Reece affirmatively negates an essential element of Mr. Reece's claim—Moffitt's legal liability to Mr. Reece free of a discharge in bankruptcy. In support of summary judgment, Moffitt cites 11 U.S.C. sections 524(a)(1), and (2), which provide that a bankruptcy discharge operates both as a permanent injunction against the continuation of an action on a discharged debt and to void any judgment entered by a court on a discharged debt.

---

[2] The Court recognizes that the assertion may constitute a statement of law and, as such, is inappropriate for inclusion in a statement of undisputed facts under Rule 56.03. In any event, Mr. Reece did not controvert the statement.

In *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 236, 265 (Tenn. 2015)(internal citations omitted), a majority of the Supreme Court held that, when a movant files a statement of undisputed facts in support of a motion for summary judgment,

> [A]ny party opposing summary judgment party must file a response to each fact set forth by the [movant] in the manner provided in Tennessee Rule 56.03[.] [T]he nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party[.]

Here, Mr. Reece did not dispute nor controvert that Moffitt received a discharge in bankruptcy of any workers' compensation obligation it may have owed him. Thus, the Court holds summary judgment is appropriate, and Mr. Reece's claim is dismissed with prejudice in compliance with the permanent protection from legal action on a discharged debt afforded Moffitt by federal law. The Court taxes the $150.00 filing fee to Moffitt under Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07, with payment due within five days of the entry of this order. In addition, Moffitt shall prepare and submit the SD-1 within ten days of the date of judgment.

**IT IS SO ORDERED.**

**ENTERED this the 27ᵗʰ day of February, 2018.**

_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

3

## Appendix

Technical Record: The Court considered the following filings in making its decision:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order Staying Further Proceedings on Claim Pending Bankruptcy
4. Employee's Motion to Join Additional Party-Employers
5. Employer's Response in Opposition to Employee's Motion to Join Additional Party-Employers
6. Order Striking Motion to Join Additional Party-Employers
7. Employer's Motion to Dismiss
8. Order Setting Procedures on Dispositive Motion
9. Employer's Statement of Undisputed Facts
10. Affidavit of Daniel Rader

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 27th day of February, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Robert Jeffrey Wolford, Attorney | | | X | Robert.jeffrey@wolfordlawchattanooga.com |
| Danny Rader, Attorney | | | X | Danny@moorerader.com |

Penny Shrum, Clerk of Court *(n/permission)*
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**